UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 08-282-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the motion for attorneys' fees filed by Plaintiff's counsel, Rodney G. Davis. [Record No. 17]   Through this motion, counsel for the Plaintiff seeks payment of $2,000.00 in fees for work performed.  More specifically, counsel seeks payment for 16.00 hours at a rate of $125.00 per hour.  After reviewing the motion and supporting documentation, the Court will base its award for work performed at an hourly rate of $100.00 per hour, an amount which is consistent with awards in similar cases.  Therefore, the motion will be granted, in part, and denied, in part, as outlined below.

I.      **Background**

On February 4, 2009, the Court reversed and remanded the final decision of the Defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [Record Nos. 15 & 16]   On February 18, 2009, Plaintiff's counsel filed the instant motion for attorney fees. [Record No. 17]   Through this motion, counsel seeks fees for 16 hours of work performed at an hourly rate of $125.00 per hour.  An affidavit has been filed with the motion outlining the specific

work performed and the time attributed to each task.  The Court does not find the total hours billed to be unreasonable.

**II.     Discussion**

The Equal Access to Justice Act ("EAJA") "departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004) (citing *Scarborough v. Principi*, 541 U.S. 401 (2004)).  The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  In particular, the Act provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

With respect to establishing reasonable attorneys' fees, the EAJA provides that:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  The EAJA establishes a ceiling for attorneys' fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor."  *See e.g., Chipman v. Sec'y*

*of Health and Human Servs.*, 781 F.2d 545 (6th Cir. 1986) (noting that the statutory ceiling under the EAJA was $75 per hour).[1]

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the prevailing market rate is greater than the statutory ceiling ($125 per hour), then Court must determine whether it should adjust the hourly rate upward from the ceiling to take into account an increase the cost of living or a special factor. *See e.g., Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992).

The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). In determining the market rate, courts are required to examine standard fees in the relevant community. *Id.* at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The fee applicant bears the burden of producing evidence that the requested rate is in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience and reputation. *See Blum*, 465 U.S. at 895-96.

In *Chipman*, the Sixth Circuit upheld a district court decision rejecting the plaintiff's request for attorney's fees of $100 per hour and awarding fees of $75 per hour in a social security case. Although the court did not hold that awards in excess of $75 per hour were improper, it concluded that "the district court [did not] abuse its discretion in determining that the fees awarded should not

---

[1] In 1996, Section 2412(d)(2)(A) was amended to provide that statutory cap on attorneys' fees under the EAJA is $125 per hour. *See e.g., Caremore, Inc. v. N.L.R.B.*, 150 F.3d 628 (6th Cir. 1998).

-3-

exceed $75 per hour even though the cost of living may have indeed risen since the enactment of the EAJA." *Chipman*, 781 F.2d at 547.

In addition to the undersigned, other judges of this Court have examined the prevailing market rate for attorneys involved in Social Security litigation in the Eastern District of Kentucky. In *Back v. Commissioner of Soc. Sec.*, No. 7: 04-2-DLB (E.D. Ky. May 18, 2005), this Court (Judge David Bunning presiding) determined that a $100 per hour fee award was customarily utilized in the Southern Division at Pikeville for social security cases. Although the Court acknowledged that "[p]erhaps . . . an adjustment to the historical $100 per hour rate is warranted," it noted that "[p]laintiff's counsel did not provide evidence that the prevailing market rates have now increased." Thus, the Court found no basis for "deviating from the $100 historical figure."

Similarly, in *McCoy v. Commissioner of Soc. Sec.*, No. 7: 04-363-GWU (E.D. Ky. Nov. 8, 2006), this Court (Judge G. Wix Unthank presiding) awarded fees of $100 per hour for a social security case in the Southern Division at Pikeville. And in *Pridemore v. Commissioner of Soc. Sec.*, No. 7: 05-240-DLB (E.D. Ky. May 22, 2006), this Court (Judge David Bunning presiding) rejected Plaintiff's counsel request for attorney's fees of $130 per hour and awarded fees of $100 per hour. In doing so, the Court noted that $100 per hour reflects the relevant market rate for fee awards in social security cases filed in the district.[2]

Based on past decisions from this Court, it is apparent that the usual fee awarded in social security cases in this district is $100 per hour and counsel for the Plaintiff has not offered any contrary evidence. While other judges may, from time-to-time, grant a higher award under specific

---

[2]     The undersigned has awarded fees at the rate of $100 per hour as the prevailing market rate in the Eastern District of Kentucky on several occasions. Recent cases include *Arvin v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Lexington No. 5: 08-190 (November 18, 2008), and *Maynard v. Commissioner*, U.S. Dist. Ct., E.D. Ky., Pikeville No. 7: 08-155 (October 28, 2008).

circumstances, the undersigned does not believe that any reason has been given in the present case to depart from the hourly rate that is typically applied in connection with such requests.

**III.     Conclusion**

The Court has conducted an independent review of the materials submitted by counsel, and the record in general.  Based upon this review, the Court concludes that the number of hours sought for the tasks performed appears reasonable.  Accordingly, based on the reduction of the hourly rate to $100.00 per hour, it is hereby

**ORDERED** that the motion for attorneys' fees [Record No. 17] is **GRANTED**, in part, and **DENIED**, part.  Plaintiff's counsel is awarded attorney fees of $1,600.00, consistent with this opinion.

This 4th day of March, 2009.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**